[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUEST FORINDEPENDENT MEDICAL EXAMINATION
The court has reviewed the entire file, including the memoranda of law (and authorities cited therein) filed with regard to defendant's request for a second and plaintiff's objection.[1]
Plaintiffs have disclosed six medical experts. Defendant's sole medical expert died subsequent to the IME; the expert had not been deposed. The scheduled trial is several months away, and the instant request is not an effort to delay. cf. Rosenfield v.Milner's Cafe, Et Al., CV89368762, Judicial District of Hartford, CT Page 2118 (1993 Ct. Case Base 10497). It does not appear that defendant is requesting a second IME because of dissatisfaction with the results of the first. cf. Lombardo, Et Al. v. Holdridge, Et Al.,40 Conn. Sup. 265, 266 (1985) (". . . that the defendants do not like the results of the examination by the doctor of their choice . . . would not justify the court to order another examination.")
Plaintiffs' objection is predicated, principally, on the ground that at trial the report of defendant's physician would be admissible under General Statutes Section 52-174. Defendant argues, persuasively, that the defense would be compromised without the presentation of medical testimony, particularly since plaintiffs have disclosed, and may call, several medical experts. General Statutes § 52-178a does not expressly preclude an additional IME: "In any action to recover damages for personal injuries, the court . . . may order the plaintiff to submit to a physical examination by one or more physicians or surgeons . . ." (Emphasis added). To the extent that a "good cause" requirement may be read into Practice Book Section 229; Lombardo, Et Al. v.Holdridge, Et Al., supra at p. 265; defendant, in the circumstances of this case, has demonstrated good cause.
The court well recognizes, and concurs with, the admonishment of Lombardo that subjecting one to a physical examination, particularly a second IME, involves "an invasion of the person's personal privacy and should not be treated lightly by the court." Plaintiffs' filing (#111) can be fairly read as objecting to an examination by the Hartford physician named in defendant's December 6, 1996 request. Section 52-178a provides that "[n]o party may be compelled to undergo a physical examination by any physician to whom he objects in writing submitted to the court. The court is unable to conclude that the recited reasons (pregnancy and distance) for an objection to a Hartford physician are unreasonable. Accordingly, it is directed that the second IME be conducted at a mutually convenient date and time by a physician at a location within a fifteen mile radius of the named plaintiffs' town or city of residence.
Consistent with the foregoing, and subject to the qualification stated, plaintiffs' Objection is Overruled.
Mulcahy, J.